# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STAN and JOHNNA KOJIS, ) | |
| Plaintiffs, ) | Cause No. 02 C 8428 |
| ) | |
| v. ) | Judge Wayne R. Andersen |
| ) | Magistrate Judge Geraldine Soat Brown |
| EQUIFAX CREDIT INFORMATION ) | |
| SERVICES and NAVY FEDERAL ) | |
| CREDIT UNION ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In a prior Order adopting this courts's Report and Recommendation, the District Judge awarded defendants Equifax Credit Information Services ("Equifax") and Navy Federal Credit Union ("Navy Federal") their reasonable attorneys' fees and costs for certain work performed in this case. (Order, Sept. 27, 2004.) [Dkt 67.] The District Judge referred the determination of the amount of attorneys' fees and costs to this court. (*Id.*) Navy Federal and Equifax each filed a Petition for Attorneys' Fees and Costs along with materials supporting their request for fees and costs. [Dkt 72, 73, 74.] In addition, Navy Federal filed a Motion for Entry of Judgment on its Petition for Attorney Fees and Costs. [Dkt 76.] Plaintiffs have not objected to the amounts sought by Navy Federal or Equifax in their petitions. For the following reasons, Navy Federal's Petition for Attorneys' Fees and Costs is granted in part and denied in part as discussed herein, and Plaintiffs are ordered to pay $36,632.77 in attorneys' fees and costs to Navy Federal; Equifax's Petition for Attorneys' Fees and Costs is denied. In addition, Navy Federal's Motion for Entry of Judgment on its Petition for Attorneys' Fees and Costs is stricken as moot, as the district court already terminated and entered judgment on this case [dkt 67, 68; *see also* dkt 71], and Navy Federal's Petition for Attorneys' Fees

and Costs is resolved with the issuance of this order.

## Background

The factual background of this case is set out more fully in this court's Report and Recommendation dated May 5, 2004. [Dkt 66.] *See Kojis v. Equifax Credit Information Servs.*, No. 02 C 8428, 2004 WL 1005664 at *1-4 (N.D. Ill. May 6, 2004) (Brown, M.J.). In that opinion, this court recommended that Defendants' Motion for Sanctions Pursuant to Rule 11 and Rule 37 Motion for Terminating Sanctions be granted as follows: (a) that Plaintiffs' complaint be dismissed with prejudice; and (b) that Plaintiffs be required to pay: (i) the reasonable attorneys' fees and costs incurred by the defendants in taking the depositions of Jeanne Stell, Royal Foust and Vicki Liposchak (including reasonable preparation time, but excluding any interoffice conference time); (ii) the reasonable attorneys' fees and costs incurred by the defendants in preparing and filing the Rule 11 and Rule 37 Motions, supporting Memoranda and Reply (excluding any interoffice conference time); and (iii) the reasonable attorneys' fees incurred for the time spent by the defendants' attorneys on August 20 and 21, 2003 waiting for the Kojises to appear for their depositions, and the court reporters' fees for those depositions. *Id.* at *12. On September 27, 2004, the District Judge adopted this court's recommendation, and directed the defendants to submit to this court a petition for reasonable fees and costs. (Sept. 27, 2004 Order.)

Following the District Judge's order, Navy Federal and Equifax each submitted a Petition for Attorneys' Fees and Costs that had been awarded. Notably, the District Judge's order did not award all of the fees and costs incurred by the defendants in defense of this litigation. Thus, Navy Federal's Petition seeks $38,062.67, not the total amount incurred by Navy Federal in defending this

litigation, which Navy Federal states is $92,733.18. (Navy Federal's Pet. at 1, 2, 5.) Equifax requested attorneys' fees and costs in the total amount of $7,234.96. (Equifax's Pet. at 2.) Each defendant submitted materials in support of its petition. (Navy Federal's Pet., Exs. A, B, C, Time Entries & Expense Summary Information [dkt 73]; Affidavit of Richard B. Polony [dkt 72]; Equifax's Pet., Exs. A, B, C, Time Entries & Receipts [dkt 74]; *id.*, Affidavit of Bradley J. Miller [dkt 74].) On October 29, 2004, this court held a hearing on the defendants' petitions for attorneys' fees and costs. (Order, Oct. 29, 2004.) [Dkt 75.] At that hearing, the court ordered that any response to the petitions must be filed by November 29, 2004. (*Id.*) Plaintiffs never filed any opposition to Navy Federal's or Equifax's request for attorneys' fees and costs.

## Discussion

### I. Attorneys' Fees and Costs Requested by Navy Federal

The court has reviewed the materials filed by Navy Federal in support of its request for $38,062.67 in attorneys' fees and costs. Based on the billing records submitted along with the affidavit of Richard Polony, as well as a review of the pleadings and briefs that have been filed in this lawsuit, the court finds the hourly rates charged by the attorneys in this case on behalf of Navy Federal ($190.00 by Mr. Polony, a partner, and $175.00 by Barry MacEntee, an associate) to be reasonable and not in excess of the rates charged by other attorneys in the Chicago area. *See* Navy Federal's Pet. at 2; Polony Aff. ¶¶ 1, 3-5. The court further finds the hours expended in this case to be reasonable, with a few exceptions that are discussed below.

A.  **Fees and costs incurred in taking the depositions of Jeanne Stell, Royal Foust and Vicki Liposchak (including reasonable preparation time, but excluding any interoffice conference time)**

Navy Federal states that it has incurred $12,322.50 in attorneys' fees and $4,627.42 in costs (totaling $16,949.92) for the depositions of Jeanne Stell (in Texas), Royal Foust (in California) and Vickie Liposchak (in California). (Navy Federal's Pet. at 3; *id.*, Time Entries & Expense Summary Information (Ex. A) at 1-5.) In support of its request, Navy Federal attached the time entries from the billing records of the two attorneys working on this matter. (Navy Federal's Pet., Time Entries (Ex. A) at 1-4.) Plaintiffs did not object to the amounts sought by Navy Federal.

The court finds that the vast majority of the attorneys' fees requested for the Stell, Foust, and Liposchak depositions are reasonable and therefore will be awarded. However, some of the fees requested did not specifically involve the preparation for or taking of those three depositions, as required by the court's order. For example, some of the time entries pertained to interoffice conferences, or work performed after the depositions had been taken, which were not awarded under the order. Thus, the following time entries, and corresponding attorney fees, will not be allowed: (1) 6/27/03 (Telephone conversations with Rich Polony - $35.00); (2) 6/30/03 (Telephone conversation with Larry Smith - $17.50); (3) 6/30/03 (Conference with Plaintiffs' counsel Mr. Smith - $38.00); (4) 7/28/03 (In preparation for drafting summary of significant testimony - $87.50); (5) 7/28/03 (Prepared summary of significant testimony - $87.50); (6) 8/20/03 (Attendance at the deposition of Ms. Kojis - $114.00); (7) 8/20/03 (Review of time records in support of Rule 11 motion - $190.00); (8) 8/21/03 (Attendance at the deposition of Mr. and Mrs. Kojis - $95.00); (9) 9/4/03 (Email to Jim Hutchings re: Foust deposition - $35.00); and (10) 9/9/03 (Reviewed email from Jim Hutchings re: Foust deposition - $52.50). *See* Time Entries (Ex. A) at 1, 2, 3, 4. Those

fees amount to $752.00 and will be deducted from the $12,322.50 requested. Thus, in summary, Plaintiffs are required to pay Navy Federal a total of $11,570.50 in attorneys' fees ($12,322.50 minus the $752.00 reduction set forth above) for preparing for and taking the Stell, Foust, and Liposchak depositions.

As for the $4,627.42 in costs claimed by Navy Federal for the Stell, Foust and Liposchak depositions, the court finds all of the costs requested to be reasonable. *See* Expense Summary Information (Ex. A) at 5. The costs were for such reasonable and necessary items as travel to depositions and court reporter fees. (*Id.*; Navy Federal's Pet. at 3.) Thus, Plaintiffs are also required to pay Navy Federal $4,627.42 in costs, for a combined total $16,197.92 for the taking and preparing of the Stell, Foust, and Liposchak depositions.

### B. Fees and costs incurred in preparing and filing the Rule 11 and Rule 37 Motions, supporting Memoranda and Reply (excluding any interoffice conference time)

Navy Federal states that it has incurred $19,655.60 in attorneys' fees for preparing and filing the Rule 11 and Rule 37 motions, supporting memoranda and reply brief. (Navy Federal's Pet. at 4; *id.*, Time Entries (Ex. B) at 1-10.) Plaintiffs did not object to that amount. The court finds that the attorneys' fees requested for the briefing of the two motions for sanctions are reasonable, because Navy Federal had to spend significant time and resources investigating Plaintiffs' fraudulent conduct (after learning of the fraudulent documents involved in this case), and the briefing of those motions was substantial. *See* Time Entries (Ex. B) at 1-10; Polony Aff. ¶¶ 6, 8; Navy Federal's Pet. at 1 (arguing that "[a]t every stage, and up until the depositions were concluded, the Plaintiffs were actively trying to further their fraud. In the end, this tangled tale of deceit has cost Navy in excess

of $92,733.18"); *see also* Navy Federal's Motion for Sanctions Pursuant to Rule 11 [dkt34]; Navy Federal's Rule 37 Motion [dkt 36]; and Navy Federal's Reply [dkt 44, 58].

Thus, Plaintiffs are required to pay Navy Federal $19,655.60 in fees for preparing and filing the Rule 11 and Rule 37 motions, supporting memoranda and reply brief.

### C. Fees incurred for the time spent by Defendants' attorneys on August 20 and 21, 2003 waiting for the Kojises to appear for their depositions, and the court reporters' fees for those depositions

Finally, Navy Federal states that it incurred $1,260.00 in attorneys' fees for having to wait for the Kojises to appear for their depositions, and $202.75 in court reporter costs (totaling $1,462.75). (Navy Federal's Pet. at 5; *id.*, Time Entries & Expense Summary Information (Ex. C) at 1.) Plaintiffs did not object to those amounts. Mr. MacEntee's time entries indicate that he spent 0.8 hours (incurring $140.00 in attorneys' fees) waiting for Ms. Kojis to appear for her deposition on August 20, 2003, and 1.3 hours (incurring $227.50 in attorneys' fees) waiting for Mr. Kojis to appear on August 21, 2003. *See* Time Entries (Ex. C) at 1. Mr. Polony's time entries indicate that he spent 0.6 hours (incurring $114.00 in attorneys' fees) waiting for Ms. Kojis on August 20, 2003, and 0.5 hours (incurring $95.00 in attorneys' fees) waiting for Mr. Kojis on August 21, 2003. *See* Time Entries (Ex. A) at 4. The remainder of the time entries included in Exhibit C involved work outside the scope of the court's order (*e.g.*, time spent preparing for Ms. Kojis' deposition), and therefore will not be allowed. Thus, in sum, Plaintiffs are required to pay Navy Federal a total of $576.50 in attorneys' fees for having to wait for the Kojises to appear for their depositions.

As for the expenses claimed with respect to the Kojises' depositions, the court finds the $202.75 requested for court reporter fees to be reasonable. *See* Expense Summary Information (Ex.

C) at 1. Thus, Navy Federal is also awarded $202.75 in court reporter expenses, for a combined total $779.25 for fees and costs associated with the Kojises' depositions.

In summary, Plaintiffs are ordered to pay to Navy Federal a total of $36,632.77 ($31,802.60 in attorneys' fees and $4,830.17 in costs including court reporter expenses). While that amount is substantial, it is reasonable and appropriate compensation for the work Navy Federal's counsel was required to undertake because of Plaintiffs' sanctionable conduct, as described in this court's Report and Recommendation dated May 6, 2004. *See Kojis*, 2004 WL 1005664 at *6 (concluding that Plaintiffs supported their complaint with documentation manufactured and forged by Ms. Kojis). Moreover, the amount sought by Navy Federal is less than half of the total amount of attorneys' fees incurred by Navy Federal to defend this case, $92,733.18. (Polony Aff. ¶ 7; Navy Federal's Pet. at 1.)

## II. Attorneys' Fees and Costs Requested by Equifax

In its petition for $7,234.96 in attorneys' fees and costs, Equifax states that it has paid a predetermined, flat fee to its national counsel, Kilpatrick Stockton LLP ("Kilpatrick"), for representing it in this matter. (Equifax's Pet. ¶ 3; Miller Aff. ¶ 4.) Equifax does not state what that flat fee was, nor does Mr. Miller state the amount of that flat fee in his affidavit in support of the petition. Mr. Miller does state in his affidavit, however, that Kilpatrick has incurred its own fees in this matter through its hiring of local counsel, McGuire Woods, who billed Kilpatrick directly for all fees incurred by it in helping to defend the matter. (Equifax's Pet. ¶ 3; Miller Aff. ¶¶ 2, 4.)

The affidavit of Mr. Miller along with the materials submitted with Equifax's petition reflect only the amount of fees and costs incurred by *Kilpatrick* in defending this matter; they give no

-7-

indication of the fees incurred by Equifax, the defendant in this case, or any suggestion that costs incurred by Kilpatrick were passed on to Equifax. The Report and Recommendation adopted by the district court required Plaintiffs to pay "[t]he reasonable attorneys' fees and costs incurred by *Defendants*...." *Kojis*, 2004 WL 1005664 at *12 (emphasis added). Equifax provides no evidence that Equifax actually incurred any fees and costs, and no authority to support its claim that it may recover costs and attorneys' fees in this situation.

Furthermore, although Mr. Miller states that $5,097.00 of the $6,998.72 in the fees that McGuire Woods billed Kilpatrick were incurred in connection with the depositions and Rule 11 and Rule 37 motions, Equifax provides no computations to support that conclusion. *See* Miller Aff. ¶ 6. Instead, it attaches a sheaf of bills and time print-outs from McGuire Woods, without any accompanying affidavit from anyone at McGuire Woods. Apparently, Equifax expects the court to wade through the time entries to try to determine which entries relate to work for which the District Judge awarded fees. The court declines to do so.

Equifax also attaches bills for airfare and hotel costs incurred by Mr. Miller in traveling to Chicago for the Kojises' depositions. However, those costs were not awarded by the District Judge. The sanctions awarded were only fees for time spent waiting for the Kojises to appear for their depositions and the court reporter charges. In addition, there is no evidence that the Kojises' depositions were the only reason why Mr. Miller came to Chicago. Accordingly, Equifax's Petition for Attorneys' Fees and Costs is denied.

## Conclusion

For the foregoing reasons, Defendant Navy Federal's request for $38,062.67 is granted in part

and denied in part, in that Plaintiffs are ordered to pay to Navy Federal Credit Union $36,632.77 in attorneys' fees and costs incurred by Navy Federal; Plaintiffs Johnna Kojis and Stanley Kojis shall pay that amount to Navy Federal Credit Union; Defendant Equifax's request for $7,234.96 in fees and costs is denied; Navy Federal's Motion for Entry of Judgment on its Petition for Attorneys' Fees and Costs is stricken as moot.

IT IS SO ORDERED.

GERALDINE SOAT BROWN
United States Magistrate Judge

February 7, 2005